UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CR-20147-DMM

UNITED STATES OF AMERICA,
         Plaintiff,

vs.

RODOLFO RODRIGUEZ VAZQUEZ,
         Defendant.
_____/

## DEFENDANT RODOLFO RODRIGUEZ VAZQUEZ' SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE

Pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure and Rule 88.8 of the Local Rules for the United States District Court for the Southern District of Florida, Mr. Rodolfo Rodriguez Vazquez respectfully submits this sentencing memorandum in support of his request for a sentence of 60 months incarceration.

## Introduction

Rodolfo Rodriguez Vazquez, an impoverished, uneducated 37-year-old father of four small children from a coastal town in the Dominican Republic is facing a guideline sentence of over 10 years in prison. Mr. Rodriguez Vazquez pled guilty to count One of an indictment charging him with conspiring to possess with intent to distribute more than 5 kilograms of cocaine aboard a vessel subject to the jurisdiction of the United States in violation of Title 46 U.S.C. 70503(a)(1). Mr. Rodriguez Vazquez' total offense level is 33 with a

criminal history category I and a corresponding guideline imprisonment range of 135 to 168 months.[1]

For the reasons set forth in this memorandum, Mr. Rodriguez Vazquez respectfully requests that the Court impose a sentence of 60 months in prison as this sentence is sufficient, but not greater than necessary to fulfill the sentencing goals set forth in 18 U.S.C. § 3553(a).

## Application of 18 U.S.C. § 3553

The Supreme Court held in **United States v. Booker**, 543 U.S. 220 (2005), that courts have the discretion to sentence outside of the guidelines. **Booker** held that the guidelines were advisory and that courts should not mechanistically apply the guidelines. The Sentencing Reform Act, as revised by **Booker**, requires consideration of the guidelines, but also mandates that the court exercise its discretion by tailoring a sentence considering the statutory criteria contained in 18 U.S.C. § 3553(a).

Section 3553(a) directs sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a) states that such purposes include consideration of the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence:

A.  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
B.  to afford adequate deterrence to criminal conduct;
C.  to protect the public from further crimes of the defendant; and

---

[1] The Government and Probation concede that Mr. Rodriguez Vazquez is safety valve eligible pursuant to 18 U.S.C. 3553(f)(5) and 5C1.2(a)(5).  Accordingly, the Court may sentence Mr. Rodriguez Vazquez without regard to the 10-year minimum mandatory sentence.

D.        to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*See*, § 3553(a).

A consideration of these factors inures toward the determination that a 60-month prison sentence is sufficient, but not greater than necessary to fulfill the aforesaid sentencing goals.

## Nature and Circumstances of Instant Offense

Mr. Rodriguez Vazquez was a courier who served as a crew member aboard a vessel that picked up a large amount of cocaine off the coast of Colombia. The vessel that Mr. Rodriguez Vazquez was aboard was stopped by the U.S. Coast Guard just over 100 miles away from the Dominican Republic coast. The Dominican Republic represented the ultimate stop of Mr. Rodriguez Vazquez' voyage and his participation in the conspiracy. Mr. Rodriguez Vazquez would not be involved in future or speculative attempts to import the cocaine into the United States.

Additionally, Mr. Rodriguez Vazquez did not manufacture the drugs, he did not pay for the drugs, he had no possessory or financial interest in the drugs, he had no decision-making power along the route, and he was unaware of the drugs' ultimate destination. Those details were handled by far more powerful and wealthy men who oversaw the operation. At all times, Mr. Rodriguez Vazquez was following orders given by people with the power to force his compliance. He was not an essential or indispensable person to the voyage or the overall conspiracy; he was fungible. The true drug smugglers took advantage

of him, a poor, uneducated fishermen from a coastal village and preyed upon his financial instability and struggles to provide for himself and his family.

The Court should recognize that Mr. Rodriguez Vazquez obeyed the commands from the Coast Guard officers who stopped his boat.  Mr. Rodriguez Vazquez did not try to evade the Coast Guard, he did not jettison the narcotics or electronics on the boat, and he cooperated with the Coast Guard officers who boarded the boat.  Significantly, he obeyed the commands of the officers and at no time did he put the officers at risk while in pursuit or during the boarding of the boat.  Accordingly, Mr. Rodriguez Vazquez cites to these factors to persuade the Court to vary from the sentencing guidelines and impose a 60-month prison sentence.

## Rodriguez Vazquez' Personal History and Characteristics

Mr. Rodriguez Vazquez was raised in a shack made from scrap metal collected from oil cans.  He had no running water and used a nearby polluted river to bathe and do his necessities.  He was raised by his grandparents who did the best they could under extremely trying circumstances.  His grandfather was a subsistence fisherman who went out to sea and caught their food.  As a young boy, Mr. Rodriguez Vazquez learned to survive and tried to help his family by picking up trash and shining shoes.  Although he routinely attended elementary school, he remained illiterate.  Mr. Rodriguez Vazquez dropped out of school out of the need to help provide for his family.

He bounced around the coastal town performing odd jobs or working aboard fishing boat as the seasons permitted.  Mr. Rodriguez Vazquez' brother who was in a similar situation, tragically died in a boating accident where he

drowned.  Mr. Rodriguez Vazquez was the doing the best he could for his family under exceptionally difficult circumstances.  He fathered four children, ages 8, 11, 12 and 17 and although he was unable to provide a steady stream of support, Mr. Rodriguez Vazquez has always participated and been involved in their lives.  Since his incarceration, he regularly speaks with his children and daily with his youngest daughter.  His youngest daughter has manifested behavioral changes brought about by his absence.  Mr. Rodriguez Vazquez has expressed the pain that he feels for failing his children.  He recognizes that the suffering and anguish that his family is suffering is from his own doing and he completely regretful.

During and following the COVID-19 pandemic, the coastal town of Puerto Plata, which largely relied on tourism saw its economy falter.  The few jobs that were available disappeared and the town suffered.  The drug traffickers and coordinators easily recognize Mr. Rodriguez Vazquez' desperation and recruited him to undertake this risky and dangerous missions.  In a moment of weakness and desperation, Mr. Rodriguez Vazquez accepted and joined this drug smuggling venture to financially recover from his economic situation.  Mr. Rodriguez Vazquez recognizes that his necessity was not an excuse for his conduct.  In fact, Mr. Rodriguez Vazquez has expressed that he didn't measure the consequences of his actions and instead of helping his family, he has only caused them more hardship.

The evidence presented by the Government corroborates that Mr. Rodriguez Vazquez was a minimal participant in the conspiracy who undertook the voyage for the promise of a few thousand dollars.  The real Mr. Rodriguez Vazquez, however, is a father who has lived an incredibly difficult life that is

5

impossible for most to comprehend.  In short, Mr. Rodriguez Vazquez is an uneducated fisherman from a coastal village who did whatever he could to survive.  Accordingly, Mr. Rodriguez Vazquez urges the Court to consider these factors in imposing a 60-month prison sentence.

## 18 U.S.C. § 3553(a)(2) Factors

Sentencing Mr. Rodriguez Vazquez to 60-months in prison will satisfy the factors laid out in Section 3553(a)(2). By imposing such a significant sentence, the Court will reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense. A 60-month prison sentence will also serve to impress upon him both the seriousness of his offense and the importance of respecting the laws of the United States. A 60-month prison sentence will also serve as a deterrent of further criminal conduct.  Such a significant sentence will also ensure that Mr. Rodriguez Vazquez will never commit a crime again.  The certain deportation to the Dominican Republic that awaits Mr. Rodriguez Vazquez will be certain to eliminate the risk of recidivism. Additionally, a 60-month prison sentence will guarantee that Mr. Rodriguez Vazquez will receive whatever medical care, rehabilitative treatment or other correctional treatment that may be required.  Accordingly, a 60-month prison sentence will serve to achieve the sentencing factors established by 18 U.S.C. 3553.

## Conclusion

Mr. Rodriguez Vazquez is prepared to meet the consequences that the flow from a conviction for conspiring to possess with intent to distribute five or more kilograms of cocaine aboard a vessel subject to the jurisdiction of the United

States. Nevertheless, because he is a poor, uneducated, father of four young children, the Court should vary downward and impose a sentence of 60-months imprisonment.

Respectfully submitted,

*/S/ Erick Cruz*
Erick Cruz
Fla. Bar Number: 43628
Attorney for Defendant
1108 Ponce de Leon Blvd.
Coral Gables, FL 33134
Tel. 305.444.3844
Cruz@ErickCruzLaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: */S/ Erick Cruz*
Erick Cruz